UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANTONIO COLBERT,

    Plaintiff,

  v.

OHIO STATE REPRESENTATIVE
DALE MALLORY,

    Defendant.

Civil Action 2:11-cv-774
Judge James L. Graham
Magistrate Judge E.A. Preston Deavers

## ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, Antonio Colbert, a resident of Washington, D.C. who is proceeding without the assistance of counsel, has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). This matter is also before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's Complaint.

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>   \*  \*  \*
>
>  (B) the action or appeal--
>
>   (i) is frivolous or malicious;
>
>   (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, Section 1915(e) requires *sua sponte* dismissal of an action upon a court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. A claim is frivolous if it lacks "an arguable basis either in law or in fact." *Neitzke,* 490 U.S.at 325. The former occurs when "indisputably meritless" legal theories underlie the complaint, and the latter when it relies on "fantastic or delusional" allegations. *Id*. at 327–28.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See Hill v.*

---

  [1]Formerly 28 U.S.C. § 1915(d).

*Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 566 U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Furthermore, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id*. (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*     In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted).  Additionally, when considering a *pro se* plaintiff's complaint, a court "must read [the allegations] with less stringency . . . and accept the pro se plaintiff's allegations as true, unless they are clearly irrational or wholly incredible." *Reynosa v. Schultz*, 282 F. App'x 386, 389 (6th Cir. 2008) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (internal citation omitted). A court is also not required to accept as true mere legal conclusions unsupported by factual allegations.  *Iqbal*, 129 S.Ct. at 1949.

**II.**

The entirety of Plaintiff's Complaint against Defendant Mallory reads as follows:

> Defendant (State Rep. Dale Mallory) knowing and willingly caused me to be evicted from my apartment! This makes the Defendant a co-conspiritor [sic] in my civil action law suit against Social Security and the State of Ohio. I'm sueing [sic] the Defendant for $500,000.00 dollars and request the Court look into these allegations and lawsuits I've filed against the State of Ohio.

(Compl., ECF No. 1.)

Plaintiff's Complaint provides insufficient factual content or context from which the Court could reasonably infer that Defendant violated Plaintiff's rights. Instead, Plaintiff's Complaint consists of nothing more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 129 S.Ct. at 1949. These pure legal conclusions or "legal conclusion[s] couched as [ ] factual allegation[s]" fail to satisfy the basic federal pleading requirements set forth in Rule 8(a). *Twombly*, 550 U.S. at 555. Thus, the undersigned **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the

magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted))

    **IT IS SO ORDERED.**

Date: September 21, 2011                                        /s/ *Elizabeth A. Preston Deavers*
                                                                                           Elizabeth A. Preston Deavers
                                                                                           United States Magistrate Judge